**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **DAVID L. JERNIGAN** | **CIV. ACTION NO. 5:24-01129** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **LEISA G. WOODFOLK ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

# MEMORANDUM ORDER

Before the undersigned, on reference from the District Judge, is a Motion to Stay filed by Plaintiff David L. Jernigan [doc. #38]. The motion is unopposed. For the following reasons, **IT IS ORDERED** that Plaintiff's Motion to Stay is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's case is **ADMINISTRATIVELY CLOSED**.

## BACKGROUND

Plaintiff filed a complaint on August 19, 2024, wherein he alleged several claims of employment discrimination against employees of the Caddo Parish school system. [doc. #1, p. 2]. Since filing his complaint, Plaintiff filed a Motion for the Appointment of Counsel. [doc. #34]. On July 27, 2026, the undersigned issued a memorandum order denying Plaintiff's motion. [doc. #37]. The order recounted that, during a February 2026 conference, Plaintiff "raised his health concerns." *Id.* at p. 4. During that time, Defendants' counsel also noted that Plaintiff had not responded after multiple attempts to contact him, reiterating his health concerns. *Id.* The undersigned emphasized that this case has been pending for three years. *Id.* Prior to this Court's July 27, 2026 memorandum order, Plaintiff maintained that he wanted to proceed with this lawsuit. *Id.* at p. 5. Yet, during this case's long lifespan, Plaintiff has demonstrated a repeated failure to communicate with opposing counsel, respond to court staff, and comply with this

Court's orders. In fact, this Court found that "Mr. Jernigan has not advanced his case by actively participating in discovery over the passage of almost two years." *Id.* at p. 6. Further, the "Court has made every effort to explain the duties required of a party to a lawsuit, and, yet, the case remains at a ***standstill***." *Id.* at p. 8 (emphasis added). This Court ordered Plaintiff to provide his availability for possible trial dates by August 14, 2026. *Id.* a p. 9. At the time of this memorandum order, Plaintiff has yet to do so.

Instead, Plaintiff requests that this Court stay proceedings and deadlines by filing the instant motion. [doc. #38]. First, Plaintiff argues that he has been "unable to comply with the Court schedule or participate in discovery" because he is "completely unrepresented in this matter." *Id.* at p. 2. He also mentions his current health condition, as well as a series of "catastrophic family medical emergencies" and a home burglary in April of 2026. *Id.* at p. 5. Plaintiff emphasizes that he "is not ignoring this Court's orders" but is "physically and mentally [burdened] by an unprecedented chain of medical and criminal crises." *Id.* at p. 3–4. And importantly, Plaintiff admits that he "is entirely incapable of prosecuting [his] case." *Id.* at p. 4. In support of his motion, Plaintiff attaches a note from his physician, who diagnosed Plaintiff with "severe generalized anxiety exacerbated by his injury." [doc. #38-1]. Plaintiff's physician opined that "Mr. Jernigan's medical condition affects his cognitive ability to the extent that he needs to have legal representation to assist him in preparing the court case." *Id.*

## <u>LAW AND ANALYSIS</u>

### I. Plaintiff's Motion to Stay

The United States Supreme Court has afforded broad discretion and authority to district courts when determining litigants' motions to stay:

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) (citations omitted). District courts are endowed with "general discretionary power . . . to stay proceedings in the interest of justice and in control of their dockets." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (internal quotation marks omitted). However, "such control is not unbounded." *Id.* The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay" will cause damage to another. *Landis*, 299 U.S. at 255; *In re Beebe*, 1995 WL 337666 at *3 (5th Cir. May 15, 1995) (citation omitted) (a district court "must weigh the competing interests . . . and determine whether the equities continue to justify a stay."). This consideration is a counsel "of moderation rather than [a limitation] upon power." *Id.*

This Court finds that Plaintiff's inability to participate in the litigation process due to his health concerns not only supports granting his motion but also warrants administrative closure of his pending case. Plaintiff chose to initiate this matter. As such, Plaintiff owes a duty to respond to Defendants' discovery requests. The record reflects that Plaintiff has not done so, and, as was the case during this Court's July 2026 memorandum order, this case has remained at a standstill for several months. [doc. #37, p. 8].

Not only has Plaintiff declined to respond to attempts from opposing counsel to advance Plaintiff's own case, but he has also disregarded this Court's orders. Several months ago, this Court required Plaintiff to provide his availability for trial dates, and Plaintiff did not do so. *Id.* at p. 9. As the nation's highest court emphasized, district courts' power to grant or deny motions to stay is intimately connected to efficiency. *See Landis*, 299 U.S. at 254–55. Plaintiff has been

granted many opportunities to advance this case, but his health conditions have undoubtedly impeded this matter's progress. This Court agrees with Plaintiff that, due to his ailing health, he is unable to participate in current proceedings and meet deadlines. When considering this Court's ability to control its docket, it thus concludes that a stay of proceedings and deadlines would promote equity and efficiency.

Therefore, **IT IS ORDERED** that Plaintiff's Motion to Stay is **GRANTED**.

## II. Administrative Closure

Given that this matter has not meaningfully progressed for several months, this Court further finds administrative closure appropriate.

District courts throughout the nation frequently employ the tool of administrative closure "in order to shelve pending, but dormant cases." *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (5th Cir. 1999) (citations omitted). As this Court stated above, this case is functionally dormant: Plaintiff has neither meaningfully responded to opposing counsel nor complied with this Court's orders in months. And Plaintiff himself explicitly admitted that he "is entirely incapable of prosecuting [his] case." [doc. #38, p. 4].

Based on these proceedings' years-long stagnancy, coupled with Plaintiff's own admission about his inability to participate in the litigation process, **IT IS ORDERED** that Plaintiff's pending case is **ADMINISTRATIVELY CLOSED**.

Importantly, this Court recognizes that the administrative closure is ***not a final disposition of the case***.[1] *See South Louisiana Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004) (holding that "administratively closing a case is not a dismissal or

---

[1]Thus, under FED. R. CIV. P. 72, the undersigned has authority to administratively close this case via memorandum order.

final decision."). In fact, the "effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket." *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). Plaintiff's case "still exists on the docket of the district court and may be reopened upon request of the parties or on the court's own motion." *Id.* As such, Plaintiff may file a motion to lift the stay if and when his health condition improves and he is able to prosecute his cause of action.[2]

**CONCLUSION**

For the above reasons, **IT IS ORDERED** that Plaintiff's Motion to Stay is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's case is **ADMINISTRATIVELY CLOSED,** subject to Plaintiff's right to move to re-open the case if and when his health condition improves **and** he is able to prosecute his cause of action.

In Chambers, at Monroe, Louisiana, on this 3rd day of November, 2026.

Kayla Dye McClusky

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

[2] To the extent that Plaintiff again raises his need for appointment of counsel, the Court need not address that issue, as it already did so in its July 27, 2026 order denying Plaintiff's request. [doc. #37, p. 8].